O’NIELL, C. J.
 

 This is a devolutive appeal from an order granting a preliminary injunction, forbidding the defendants to interfere with the plaintiff in his management and control of his apartment house, called Marlborough Apartments. The suit on its merits is to cancel a contract styled a lease of the apartment house by the plaintiff to the defendants, on the ground that the contract was breached by the defendants in several particulars. The original contract and a supplement thereto are annexed to the petition. The contract contained the stipulation that, in the event of a violation of any of the obligations of the lessees, the contract should thereby be canceled and the lessor should have the right to take immediate possession and control of the premises, without putting the lessees in default. The plaintiff alleged that he gave due notice in writing to the lessees that, because of their violations of their obligations under the contract, he would avail himself of the right to declare the contract annulled and take possession of the premises; and he alleged that he did in fact take possession and control of the premises two and a half months before the suit was filed.
 

 The defendants, answering the rule to show cause why a preliminary injunction should not issue, pleaded that the action was premature, and that the plaintiff had no cause or right of action, because the alleged violations of the contract were only passive and not active violations and because they were therefore entitled to be put in default before being sued. They contended that the contract was not a contract of lease, but a particular partnership, or joint adventure, and, under any construction of the contract, that the plaintiff had no right to oust them from the premises by the process of injunction.
 

 The rule to show cause why a preliminary injunction should not issue was submitted on the pleadings and the documents annexed to the plaintiff’s petition. The defendants offered no evidence to contradict the plaintiff’s allegations, which, of course, were verified by his oath. We agree with the ■judge of the civil district court that the allegations of the petition, together with the stipulations in the contract annexed thereto, showed prima facie that the plaintiff was entitled to a preliminary injunction. It matters not whether the contract was a lease or a joint adventure. There is no merit in the defendants’ plea that they were not put in default. Plaintiff alleged that he did put them in default by a notice in writing a week before he took possession of the premises. Besides, under the terms of the contract, there was no necessity for a putting in default. The injunction did not oust the defendants of their possession of the premises. They were ousted two and a half months before the suit was filed.
 

 The judgment is affirmed.